IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | **COMPLAINT** |
| DENHAM SPRINGS PUBLISHING, COMPANY, INC., | § § § | **JURY DEMAND** |
| Defendant. | § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Jayme F. Jones ("Mrs. Jones"), who was adversely affected by such practices by the Defendant herein. Specifically, the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC" or "the Commission") alleges that the Defendant, Denham Springs Publishing Company, Inc., (herein after referred to as "Defendant Employer") discharged Mrs. Jones after the Defendant Employer learned that she was pregnant. The Commission's allegations are discussed in greater particularity in paragraph 7 below.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f) (3) of Title VII, 42 U.S.C. § 2000e-5(f) (3). The unlawful actions which are the subject of the instant lawsuit occurred within the jurisdiction of the United States District Court for the Middle District of Louisiana.

## PARTIES

3.

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

At all relevant times, the Defendant, Denham Springs Publishing Company, Inc., (the "Defendant Employer"), has continuously been doing business in the State of Louisiana and the City of Denham Springs, and has continuously had at least fifteen (15) employees.

5.

At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.

More than thirty (30) days prior to the institution of this lawsuit, Jayme F. Jones filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.

On or about October 2006, Defendant Employer engaged in unlawful employment practices at its Denham Springs, Louisiana location, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a). The unlawful practices involved subjecting Jayme F. Jones to discrimination due to pregnancy. Specifically,

1. Mrs. Jones began her employment with Defendant in May 2005 as the Special Programs Coordinator for the Livingston Parish News. In December 2005, Mrs. Jones was assigned to work as the Sales and Marketing Director for the newly acquired Antiques Gazette. In this capacity, Mrs. Jones was responsible for advertising sales, copy submissions for advertising sales and coordination of the "run sheet for each issue" (list of ads to run.)

2. In June 2006, Mrs. Jones received a $200 a month raise because the sales revenue of the monthly Antiques Gazette had steadily increased. Mrs. Jones worked for Defendant Employer without incident until sometime after October 2006 when she started to inquire about maternity leave.

3. In October 2006, Mrs. Jones informed Ms. Lauren Katz (her immediate supervisor) that she was pregnant with a due date for delivery in April 2007. At this time, Mrs. Jones inquired into the Defendant Employer's maternity leave policy because there was no written policy. Despite repeated requests for information on the available maternity leave, Ms. Katz evaded Mrs. Jones' questions and became agitated with Mrs. Jones and asked Jones why she needed to take extended leave to have a baby.

4. In January 2007, Mrs. Jones spoke with owner publisher Jeff David about the maternity leave policy. Mr. David informed Mrs. Jones that he would speak with Ms. Katz. Yet, Ms. Katz still would not give Mrs. Jones any information regarding their maternity leave policy.

5. Rather, immediately after Ms. Katz spoke with Mr. David concerning Mrs. Jones' maternity leave, Ms. Katz began harassing Mrs. Jones about increasing her travel. Mrs. Jones informed Ms. Katz that she would have to speak with her doctor about any increased travel since she was in her third trimester. A week later (January 19, 2007), Ms. Katz discharged Charging Party alleging that Mrs. Jones was a poor performer who had not met the paper's expectations for ad sales. Yet, a few days prior to her discharge (January 15, 2007), Mrs. Jones received a $500 performance based bonus due to the increased revenue she generated.

6. Defendant Employer did not want to provide any leave for Mrs. Jones to have her baby. Instead, Defendant Employer terminated Mrs. Jones because she was pregnant which violated Title VII.

8.

Under Section 701(k) of Title VII, discrimination against an individual because of, or on the basis of, pregnancy constitutes discrimination "because of sex." 42 U.S.C. § 2000e (k).

9.

The effect of the unlawful practices by Defendant complained of herein in paragraph 7 has deprived Mrs. Jones of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex or, more particularly, because of her pregnancy.

10.

The unlawful employment practices complained of in paragraphs 7 above were done with malice or with reckless indifference to the federally protected rights of Mrs. Jones.

**PRAYER FOR RELIEF**

*WHEREFORE*, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex;

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all women, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to an effective maternity leave policy, annual training of all supervisors and managers concerning pregnancy discrimination laws, and the development of effective policies to prevent pregnancy discrimination;

C. Order Defendant Employer to make whole Mrs. Jones by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to: reinstatement or front pay.

D. Order Defendant Employer to make whole Mrs. Jones, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to: any relocation expenses, job search expenses, and medical expenses which resulted because Mrs. Jones was not covered by the Employer's health benefit plan, in amounts to be determined in the course of the proceedings;

E. Order Defendant Employer to make whole Mrs. Jones, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to:

emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined in the course of the proceedings;

F. Order Defendant Employer to pay Mrs. Jones punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial;

G. Grant such further relief, legal or equitable, which the Court deems necessary and proper in the public interest;

H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury trial on all issues raised in the instant Complaint which may be tried by jury.

> **P. DAVID LOPEZ**
> General Counsel
> No Bar Roll Number Assigned
> **JAMES L. LEE**
> Deputy General Counsel
> No Bar Roll Number Assigned
> **GWENDOLYN YOUNG REAMS**
> Associate General Counsel
> No Bar Roll Number Assigned
> **JIM SACHER**
> Regional Attorney
> LA. Bar Roll No. 14888
> **RUDY SUSTAITA**
> Acting Supervisory Trial Attorney
> No Bar Roll Number Assigned
> **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
> Houston District Office
> Mickey Leeland Federal Building
> 1919 Smith Street
> Houston, Texas 77002

_____
**MICHELLE T. BUTLER**
Senior Trial Attorney
La. Bar Roll No. 1286
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
New Orleans District Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70113-9936
Tel:   (504) 595-2870 (Main Legal)
       (504) 595-2872 (Butler)
Fax:   (504) 595-2886
michelle.butler@eeoc.gov
**COUNSEL FOR PLAINTIFF,**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR**
**SERVICE OF PROCESS:**

**JEFF M. DAVID**
688 Hatchell Lane
Denham Springs, La. 70726

7