UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
(BATON ROUGE)

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO. 10-614 |
| DENHAM SPRINGS PUBLISHING CO., INC. | SECTION "CJB" (JCW) |

## ORDER AND REASONS ON MOTION

This is an EEOC enforcement action brought for a single charging party who has intervened and alleges employment discrimination based on her pregnancy. The principal defense appears to be that the charging party was fired, not because of her pregnancy, but because of alleged poor job performance, bad attitude and excessive absence.

The EEOC's Motion to Compel, Record Doc. No. 21, is currently pending before me. Defendant filed a timely written opposition. Record Doc. No. 25. Plaintiff was granted leave to file a memorandum in reply. Record Doc. Nos. 26-28. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is DISMISSED AS MOOT IN PART, GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART as follows.

The motion is dismissed as moot as to all interrogatories, except Interrogatories Nos. 5 and 9. The interrogatory answers, as supplemented, are sufficient, except Interrogatories Nos. 5 and 9.

The motion is granted in part as to Interrogatory No. 5 in that, if Alice Dowty is responsive information, the answer must be supplemented to say so clearly and to provide her last known address and telephone number. The motion is conditionally granted in part as to Interrogatory No. 9, but only in that _if_ defendant possesses a last known address for Kenny Barrett, Lori Christensen and/or Kim Wallace, it must supplement its answer to provide that information. If not, the current answer is sufficient, as supplemented.

In addition, the copies of defendant's answers to interrogatories provided to me in connection with this motion do not include the verification of answers, signed by an authorized representative of defendant under oath, required by Fed. R. Civ. P. 33(b)(1), (3) and (5). Thus, the required verification of _all_ interrogatory answers must be provided.

The motion is dismissed as moot as to Requests for Production Nos. 20 and 45. The responses, as supplemented, are sufficient.

The motion is deferred as to Request for Production No. 18, which seeks the personnel files of 14 specifically named present or former non-party employees of defendant, in addition to the personnel file of the intervenor/charging party, which has already been produced. All but two of these persons – Betty Wright and Kenny Barrett – have been identified in interrogatory answers either as persons with relevant knowledge of the claims and defenses asserted in this case or as persons who – like the intervenor/charging party – worked in defendant's sales department. Wallace and Barrett

have been identified as persons who – allegedly like the intervenor/charging party – were fired for excessive absenteeism and poor performance respectively.

Discovery of the employment personnel files of non-party individual employees presents special concerns about the privacy rights of the individuals involved. Certainly, employment personnel files can be expected to contain much information that is personal and private, including insurance and medical records and personal data identifiers of the type contemplated by Fed. R. Civ. P. 5.2(a), and that is irrelevant to a particular lawsuit. This does not mean that a party is never entitled to discover the personnel files of an opponent's employees or that everything contained in them is irrelevant. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties. Thus, "a district court has discretion to determine whether discovery of such files is warranted." Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996)). In this case, for the reasons summarized above, it appears that the personnel files of the named persons might include some relevant information. As in Atkinson, before production of such documents might be ordered, it appears that an in camera inspection of the documents would be appropriate to determine both their relevance and their need for confidentiality, if any. Id. Accordingly, **IT IS ORDERED** that defendant must provide a copy of the subject

employee personnel files, with each page Bates-stamped for identification purposes, to me for in camera review no later than **February 10, 2012**.  Thereafter, I will rule on this portion of the motion without further briefing or oral argument.

The motion is denied as to Request No. 19, which is overly broad as written and seeks much that is irrelevant in its reference to "<u>any</u> employee" with no attempt to limit the request to those who may have been similarly situated to plaintiff.  While some narrower request tailored to terminations of employees similarly situated to plaintiff (<u>e.g</u>. by job function, work department and/or time frame) might seek relevant information, I would expect that such information, if it exists, will be contained in defendant's responses to Requests Nos. 18, 23 and 35, among others, rendering even a narrower version of this request redundant and duplicative.

The motion is granted in substantial part as to Request for Production No. 23, subject to the limitations contained herein. With one exception, this request seeks materials relevant to the poor performance defense relating to the same or substantially similar job positions as the ones occupied by the intervenor/charging party during her employment by defendant.  The exception is the request's reference to "<u>any</u> position at the Antiques Gazette," which is overly broad.  This part of the request is hereby limited to any special programs coordinator, and sales or marketing position at the Antiques Gazette.  Defendant must provide a new written response to this request, as modified, and produce all responsive materials, as limited herein, subject to the protective order contained herein.

The motion is granted in part as to Request for Production No. 35, subject to the limitations contained herein. The request is overly broad insofar as it seeks the attendance records for "every person employed by Defendant." At this time, defendant must produce to plaintiff only the attendance records during the specified time period for those 14 persons identified by plaintiff as "comparators" in its Request No. 18 and other employees who held the same position or performed the same job duties as the intervenor/charging party, all subject to the protective order contained herein.

The motion is denied as to Request No. 36. All objections are sustained.

The EEOC argues that several of its Requests for Production seeking an extremely broad range and variety of materials relating to defendant's financial status and operations are relevant to its punitive damages claim. Under federal law, evidence of a defendant's financial worth and ability to pay may be admissible for the purpose of evaluating the amount of punitive damages that should be awarded.[1] United States v. Big D Enters., 184 F.3d 924, 932 (8th Cir. 1999) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981)); Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997); Hutchinson v. Stuckey, 952 F.2d 1418, 1422 n.4 (D.C. Cir. 1992); but see Florez v. Delbovo, 939 F. Supp. 1341, 1344 (N.D. Ill. Sept. 12, 1996) (questioning viability of this rule since the Supreme Court's decision in BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996), which established three

---

[1] The EEOC's complaint in this case specifically seeks an award of punitive damages. Record Doc. No. 1 (Complaint, Prayer for Relief, ¶ F at p. 6).

"guideposts" for determining excessiveness of a punitive damages award; defendant's financial status is not one of the guideposts).

However, like all other discovery concerning information that may be relevant, this discovery is also subject to the limitations, including the proportionality provisions, of Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii). Applying those standards, and considering the limited purposes for which this information may be relevant, I find that the wide range and scope of financial materials sought in the EEOC's Requests Nos. 38, 46 and 47 are overly broad, unduly burdensome, unreasonably cumulative and/or duplicative, and that the burden of all of this discovery outweighs its likely benefit to the punitive damages claim, the sole aspect of the case to which it is relevant, considering all of the factors in Rule 26(b)(2)(C)(iii). Accordingly, the motion is granted in part as to Request No. 38 in that defendant must produce in response to Request No. 38 its annual reports, financial statements and federal income tax returns for the years 2007 - 2010. Because of the commercial and competitive sensitivity of these materials, they may be produced by defendant, at its option and upon its designation, pursuant to the protective order contained herein. In all other respects, the motion is denied as to the remainder of Request No. 38 and as to Requests Nos. 46 and 47.

Plaintiff's reply memorandum vaguely complains that defendant failed to provide a supplemental response to its Request for Production No. 48. Record Doc. No. 28 at p. 3. However, no other reference to any particular complaint about the original response to

Request No. 48 or any explanation as to why defendant's response and objections might be deficient is contained anywhere else in the reply memorandum. Request No. 48 is mentioned nowhere in the original motion. Under these odd circumstances, to whatever extent, if any, that plaintiff seeks relief of some sort as to Request No. 48, the motion is denied.

The motion is denied insofar as it seeks an award of attorney's fees and costs incurred in connection with this motion. The motion has been granted in part and denied in part. Under these circumstances, I find that a just apportionment of expenses is that each party should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

All supplemental written discovery responses, including the verification of interrogatory answers, together with the production of additional material ordered herein, must be provided by defendant no later than **February 10, 2012**.

In addition, the materials ordered produced in response to Requests for Production Nos. 23, 35 and 38, are subject to the following protective order:

All information produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. If any

party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

New Orleans, Louisiana, this   27th   day of January, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE